IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -5 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. A044030

Norvell, Clump                    , Plaintiff

v.

United States of America, Woodeda Piolzzi, Central-Pla, Reginald Pie, Administrative-Maximus, Bissite, Administrative Custodian, N. Dominguez, C. Weisz, Espinoza, Bissity

Defendants.

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

PRISONER COMPLAINT

NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's office with this Complaint.

## A. PLAINTIFF INFORMATION

You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.

03908082

Norvell Crump P.O. Box 8500 Florence CO 81226-8500

(Name, prisoner identification number, and complete mailing address)

_____

(Other names by which you have been known)

Indicate whether you are a prisoner or other confined person as follows: (Check one)

____ Pretrial detainee
____ Civilly Committed detainee
____ Immigration detainee
____ Convicted and Sentenced state prisoner
✓ Convicted and Sentenced Federal Prisoner
____ Other: (Please explain)

## B. DEFENDANT(S) INFORMATION

Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."

Defendant 1: N. Dominguez, Staff, P.O. Box 8500 Florence, CO 81226-8500
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ____ Yes ____ No (Check one). Briefly explain:

Defendant 1 is being sued in his/her ____ individual and/or ✓ official capacity.

2

Defendant 2: C. Weise, STAFF, PO Box 8500 Florence CO 81226 8500
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (check one). Briefly explain:

_____

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: ESPN ZA, Disciplinary Hearing Officer PO Box 8500 Florence CO 81226 8500
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (check one). Briefly explain:

_____

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

C. JURISDICTION

Indicate the federal legal basis for your claim(s) (check all that apply):

___ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (federal defendants)

___ Other (please identify)

3

D: STATEMENT OF CLAIM(S)
State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the Statement of Claims as "D. STATEMENT OF CLAIMS".

Sentencing Order Pg 82 (1157).

CLAIM ONE: "NOT TO COOPERATE" by Order of UNITED STATES DISTRICT COURT FOURTH CIRCUIT.

Supporting Facts: See U.S. v. Clark No. 95-5903 (CA4-1) FOURTH CIRCUIT COURT - (INITIAL Pg 82 (1157))
"NOT TO COOPERATE" Submit to drug screening test upon supervised release. Honorable Roberts.
Stinker V SOX; SOUTH USDC Jul 23, 1997 Decided Justices Hall, Niemeyer & Wilkins Concurring
Opinion of Court. FOURTH CIRCUIT COURT OF APPEALS. PC(2) LTD, pmg H.3 5th and DI TONE.

Florence, Prox USP, IL USDT Report ID 1044030, Caleb Russell, 031708088 W.H.C
12-22-2024   12-22-2024   110-L refusing drug/alcohol test   12-22-2024 16:40   Chris A. Dominguez
12-31-2024 8:50hrs   [redacted]   12-25-2024   ESPINOZA   1-27-2023   Rossitus   2-18-23, 7:03 hrs
8:30 hrs   hrs - Discipline Hearing Officer Report 1-21-2025

Case Law Reference - UNITED STATES DISTRICT COURT DISTRICT of Colorado
COLO. 17-24-CV-01317-LTG-7B/24-1332 Boquill Westly Clug V. UNITED STATES (inmates)
Colorado A. Gray, G. Tracy, Regional Director Assistant Warden, Director of Bureau of Prisons Co
J. Loble, Gibbs G, D. Dominguez, C. Harvey and BOP inmates Custodian
10th Circuit Court of APPEALS 24-1332 | Pro Se ENTRY By Mail to United States Court
House Courthouse 1823 STOUT STREET DENVER, CO 80257.

(Still no positive tests)  Highest Court Resorting
to the UNITED STATES DISTRICT COURT FOR THE District of Colorado CO:18-CV-02350-LPS
2(A-B)   How many people have to pay to go to court? OPTIONAL
(Speedy Trial)
EV(B) ATTACHED DISCARDS D160 110-Refusing Drug Alcohol Test A Rewl.

4

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (check one).

If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the information requested for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."

Name(s) of defendant(s): John T. Walder City of ___ United States of America et al

Docket number and court: United States District Court District of Colorado 1:19-cv-00133 1:24-cv-03305-TL / 25-1041 / 3:92-cv-0136 / 1:90-cr-97-02-07101103 / 3:10-cv-00733

Claims raised: Wrongfully convicted (4000.) only for 2 yrs strength) No GED / Drug possession

Disposition: (Is the case still pending? Has it been dismissed? Was ruled in your favor?) _____

Reasons for dismissal (if dismissed): _____

Result on appeal if appealed: _____

## F. ADMINISTRATIVE REMEDIES

WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (check one)

Did you exhaust administrative remedies?

✓ Yes ___ No (check one)   2-18-2025 BP-230-13 / BP-231-13

DPX C-Unit E-wing CA-206

FCI 13301 BB S101 FRI CDVC Edwards

EX(A)

5

## G. REQUEST FOR RELIEF

STATE the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional papers is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."

"NOT TO COOPERATE" by Order of UNITED STATES DISTRICT COURT FOURTH CIRCUIT of Moore. See to any Order Pg 82 (1157) "NOT TO COOPERATE". NOT TO HAVE to Pay money to go to Trial Court. INMATE is NOT Guilty in obeying Court Order "NOT TO COOPERATE", "NOT TO TAKE GOOD TIME." - INJUNCTIONS - REMOVE ALL PRIOR 110 Refusing DAYS/Alcohol Test be EXPUNGED - 22X (A) removed since being INCARCERATED. NOT TO Have PRISON STAFF Order Plantiff to Cooperate. (STAFF NOT LIE.-) 2X (A-B) XXX/XXcv-02350-GPG (Injunction).

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of RULE 11.

_Neil W Cp_
(Plaintiff's Signature)

2-8-2025
(Date)

(Form Revised 4/15/02)

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02350-GPG

NORVELL CRUMP,

    Plaintiff,

v.

IAN CONNORS, Administrative National Inmate Appeals,

    Defendant.

## ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

On September 13, 2018, Plaintiff Norvell Crump, a federal prisoner in the custody of the Bureau of Prisons, initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Magistrate Judge Gordon P. Gallagher reviewed the documents, determined they were deficient, and instructed Mr. Crump to submit a certified copy of his trust fund statement for the six-month period immediately preceding this filing. (*See* ECF No. 4). In response, Mr. Crump submitted a certified copy of his inmate statement (ECF No. 5) on October 1, 2018.

The Court will grant the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). The account statement indicates that Plaintiff has had a zero balance in his inmate account throughout the six-month period immediately preceding the filing of this action. (*See* ECF No. 5). Therefore, the Court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full

ExB

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In claim one, Mr. Crump challenges a disciplinary conviction. He alleges that he was found guilty of refusing a drug and alcohol test, despite the sentencing court's order stating that he should "not cooperate" or give evidence. *See* ECF No. 1 at 3-4. He requests an "injunction not to be requested to cooperate or give evidence or give urine tests or any other test." *Id.* at 7. Mr. Crump asserts in claim two that his West Virginia state misdemeanor conviction of assault and battery should have been excluded under the enhancement provisions of the Armed Career Criminal Act. *Id.* at 3, 5. As relief, he seeks a deduction of two points from his criminal history record. *Id.* at 7.

Mr. Crump fails to allege specific facts in support of each claim that demonstrate

